NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCO UZCATEGUI VILLASMIL,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*<br>*in his official capacity as Warden of the*<br>*Delaney Hall Detention Center*<br><br>Respondents. | Civil Action No. 26-1765 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

THIS MATTER comes before the Court on the counseled petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Francisco Uzcategui Villasmil.[1]  (ECF No. 1.)  Petitioner also moves for a temporary restraining order ("TRO") ordering and instructing Respondents to immediately release Petitioner (ECF No. 2 (Motion for TRO)) and requests an order to show cause ("OTSC") directing Respondents to show cause within three days why the Petition should not be granted and set a hearing on the Petition within five days of the return as required by 28 U.S.C. § 2243 (ECF No. 1 at 19).

"[A] TRO may be entered *ex parte*, but only if the safeguards of Rule 65(b) of the Federal Rules of Civil Procedure are met."  *Sira v. Bondi*, No. 26-667, 2026 WL 189875, at *1 n.1 (D.N.J.

---

[1]    Petitioner names as Respondents (in their official capacities): Luis Soto, Warden of the Delaney Hall Detention Center; Ruben Perez, Field Office Director of the U.S. Immigration and Customs Enforcement ("ICE") Newark Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, Attorney General of the United States.  (ECF No. 1 at 1, ¶¶ 16-20.)

Jan. 23, 2026).  Under Rule 65(b), a court may issue a TRO without written or oral notice to the adverse party or its attorney "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *See Martinez-Cruz v. Soto*, No. 25-18254, 2025 WL 352124, at *1 n.3 (D.N.J. Dec. 9, 2025) (denying TRO motion because the petitioner's counsel did not satisfy the Rule 65 notice requirements for a TRO).

Petitioner's counsel "reached out to the ICE field office and U.S. Attorney's Office for the District of New Jersey to alert them that, in light of the *NTPSA* December 10 Order, Petitioner was now detained in direct contravention of the TPS statute, and to request Petitioner's immediate release," and, "[d]espite being on notice that Petitioner's continued detention is blatantly unlawful because he is TPS holder, Respondents have not yet released him." (ECF No. 2-1 at 4 (citing ECF No. 1-8).)  However, Petitioner does not present specific facts (in an affidavit or verified complaint as required by Rule 65(b)) clearly showing that the TRO should be decided on an *ex parte* basis or why Respondents should not be heard before ruling on the TRO.  Likewise, Petitioner's counsel fails to certify in writing any efforts made to give notice and the reasons why it should not be required.

28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the

person detained.  It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)).  Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), applicable to 28 U.S.C. § 2241 cases through Habeas Rule 1(b), "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *224 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Rule 4 supersedes § 2243).  "Because Habeas Rule 4's flexible time limits apply, 'the Court is not obligated to issue a show-cause order. . . .; indeed, the common practice for courts in this District is to order respondents to answer within 45 days.' *Iremashvili*, 2017 WL 935441, at *4." *Benitez Castro v. Bondi*, No. 25-17598, 2025 WL 3213829, at *1 n.5 (D.N.J. Nov. 18, 2025).

This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.

**IT IS**, therefore, on this 25th day of February, 2026, **ORDERED** as follows:

3

**ORDERED** Petitioner's Motion for TRO (ECF No. 2) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at ECF No. 2; and it is further

**ORDERED** that Petitioner's request for an OTSC is **DENIED**; and it is further

**ORDERED** that Petitioner **SHALL NOT** be **TRANSFERRED** from the District of New Jersey, or **REMOVED** from the United States, pending further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-10), the Motion for TRO (ECF No. 2), the attachments to the Motion for TRO (ECF Nos. 2-1 & 2-2), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-10), the Motion for TRO (ECF No. 2), the attachments to the Motion for TRO (ECF Nos. 2-1 & 2-2), and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within fourteen (14) days of the date of entry of this Memorandum and Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within seven (7) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
**GEORGETTE CASTNER**
**United States District Judge**